United States District Court

For the Northern District of California

1
2
3          UNITED STATES DISTRICT COURT
4          NORTHERN DISTRICT OF CALIFORNIA
5
6
7    ROBERT NAKAYA,
8              Plaintiff,                         No. C 09-0208 PJH (PR)
9       vs.                                       **ORDER OF DISMISSAL WITH
                                                  LEAVE TO AMEND**
10   Warden M. S. EVANS; Director M. CATES;
     Governor A. SCHWARZENEGGER; and
11   Dr. C. LEE, Chief Medical Officer,
12             Defendants.
                                            /
13
14        Plaintiff, a prisoner at Salinas Valley State Prison, has filed a pro se civil rights

15   complaint under 42 U.S.C. § 1983.  He has paid the filing fee.

16        Venue is proper in this district because a substantial part of the events giving rise to

17   the action occurred in this district.  *See* 28 U.S.C. § 1391(b).

18                              **DISCUSSION**

19   **A.    Standard of Review**

20        Federal courts must engage in a preliminary screening of cases in which prisoners

21   seek redress from a governmental entity or officer or employee of a governmental entity.

22   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and

23   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may

24   be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at

25   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police

26   Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

27        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

28   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;

**United States District Court**
For the Northern District of California

the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

In his first claim, plaintiff complains that the prison is overcrowded, in that two inmates are being housed in a cell designed for one.  He asserts that this creates "obvious health and safety issues."  Section 1983 is available only for violations of federal law, usually the Constitution.  That a cell may have been designed for one occupant but now houses two prisoners does not in itself implicate the Constitution, in that conditions might still be such as not to constitute cruel and unusual punishment.  Furthermore, plaintiff's reference to health and safety is conclusory, and thus under *Iqbal* insufficient to state a claim.  This claim will be dismissed with leave to amend.

In his second claim, headed "[l]ockdowns," plaintiff contends that he has been

**United States District Court**
For the Northern District of California

1  confined to his cell for long periods, "without adequate exercise, fresh air and adequate

2  showering."  Once again, these claims are conclusory and thus inadequate to state a claim

3  under *Iqbal*.  This claim will be dismissed with leave to amend.

4  In his third claim, plaintiff contends that he has not received any rehabilitation.

5  There is no constitutional right to rehabilitation.  *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th

6  Cir. 1985).  This claim will be dismissed without leave to amend.

7  In his fourth claim, plaintiff contends that he has received no vocational training.

8  There is no constitutional right to vocational training.  *Id.*  This claim will be dismissed

9  without leave to amend.

10  In his fifth claim, plaintiff contends that his health has been affected by close

11  confinement with inmates with illnesses such as hepatitis, AIDS, and influenza.  He

12  provides no locations and time frame, or any other details.  This is insufficient to state a

13  claim.  He also contends that he had to drink contaminated water caused by failure of the

14  water treatment system, because only ten ounces of bottled water was provided per day.

15  Again, he does not say when this happened or for how long it continued, nor does he allege

16  any facts that would suggest that the amount of clean water was inadequate.  This claim

17  will be dismissed with leave to amend.

18  In his sixth claim, plaintiff contends that he was discriminated against because

19  inmates like him, who have to serve eighty-five percent of their sentences, are given less

20  priority for jobs than inmates who are under the fifty-percent good time regime.  He alleges

21  that this is due to California's "sentencing structure."  It is unclear how that would be, or if

22  so, how the defendants could be responsible for it.  This claim will be dismissed with leave

23  to amend.  He also contends that he has been discriminated against in that when he finally

24  was given a job, he was not paid for it, whereas other prisoners were.  He does not allege

25  the basis for the purported discrimination, so this claim must be dismissed with leave to

26  amend.  He also contends that he has been discriminated against because of his gender in

27  that the is not allowed to order certain items by mail-order, for instance Certs, Lifesavers,

28  Honey, and catsup, whereas female prisoners are.  This is sufficient to state a claim.

United States District Court

For the Northern District of California

1

**CONCLUSION**

2      1.  For the foregoing reasons, the complaint is **DISMISSED** with leave to amend, as

3  indicated above, within thirty days from the date of this order.  The amended complaint

4  must include the caption and civil case number used in this order and the words

5  AMENDED COMPLAINT on the first page.  Because an amended complaint completely

6  replaces the original complaint, plaintiff must include in it all the claims he wishes to

7  present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not

8  incorporate material from the original complaint by reference.  Failure to amend within the

9  designated time will result in the dismissal of these claims.

10      2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

11  court informed of any change of address by filing a separate paper with the clerk headed

12  "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

13  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

14  Federal Rule of Civil Procedure 41(b).

15      **IT IS SO ORDERED.**

16  Dated:  October 22, 2009.                    _____

17                                        PHYLLIS J. HAMILTON
                                     United States District Judge

18

19

20

21

22

23

24

25

26

27

28  P:\PRO-SE\PJH\ORDERS\CR\DWLTA.wpd

4